UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RYAN BARNES,                         )
                                     )
        Plaintiff,            )
                                     )
v.                                   )    Cause No.: 26-3069-SEM
                                     )
                                     )
BRITTANY GREENE, *et al.*,           )
                                     )
        Defendants.           )

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

    This cause is before the Court for a merit review of Plaintiff Ryan Barnes' Complaint.

    Plaintiff is currently an inmate with the Illinois Department of Corrections ("IDOC") who is incarcerated at the IDOC's Western Illinois Correctional Center ("Western Illinois"). As such, Plaintiff is a "prisoner" for purposes of the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A. Moreover, because Plaintiff is attempting to proceed *in forma pauperis*, the Court must first determine whether Plaintiff has made the requisite showing that he is under an imminent danger of a serious physical injury because

1

Plaintiff has previously accumulated three-strikes under the PLRA. 28 U.S.C. § 1915(g).[1]

> Title 28 U.S. C. § 1915(g) provides:
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* The dismissals listed in footnote one in which the Courts within this District dismissed Plaintiff's complaints for failure to state a claim or for being frivolous constitute "strikes" under 28 U.S.C. § 1915(g). Therefore, Plaintiff can only proceed *in forma pauperis* in this case if his Complaint sufficiently alleges that Plaintiff is under an imminent danger of a serious physical injury. *Id.*

The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time

---

[1] In total, Plaintiff has received four "strikes" pursuant to the PLRA. Plaintiff received these strikes in the following cases: CDIL Case Numbers 14-1360 (SEM) and 16-2008 (SEM); United States District Court for the Northern District of Illinois Case Number 18-50014; and United States District Court for the District of Columbia Case Number 16-2281.

is pressing" and a "threat . . . is real and proximate." *Heimnerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The second prong (*i.e.*, danger) must be of "serious physical injury." 28 U.S.C. § 1915(g); *Fletcher v. Deathridge*, 2008 WL 4724173, * 2 (C.D. Ill. Oct. 23, 2008).

Plaintiff has not attempted to make a showing that he is under an imminent danger of a serious physical injury. Regardless, the Court will dismiss this case because Plaintiff has attempted to commit a fraud upon the Court. On page two of the Court's complaint form, that Plaintiff used, the Court warned Plaintiff about the PLRA's three-strikes rule. D/E 1 at p. 2. The Court's form also advised Plaintiff that he could not proceed *in forma pauperis* in this case if he had accumulated three or more strikes under the PLRA. *Id.* Plaintiff, then, checked the box indicating and representing to the Court that Plaintiff had never previously filed any lawsuits in federal court while incarcerated. *Id.*

Plaintiff's representation was clearly a lie intended to convince the Court to allow him to proceed IFP in this case. Not only has

Plaintiff filed other federal lawsuits since being incarcerated, Plaintiff has accumulated three-strikes under the PLRA prior to filing this lawsuit and prior to seeking leave to proceed IFP. Plaintiff did not disclose either fact to the Court in filing this suit and in seeking IFP status. Plaintiff failed to make these disclosures to the Court even though it was this Court that had previously warned Plaintiff back in 2016 that he had accumulated two strikes. *See* CDIL Case Number 16-2008 at D/E 7 at p. 4. Plaintiff has accumulated additional strikes since then.

The United States Court of Appeals for the Seventh Circuit has held that the appropriate sanction for a plaintiff who has committed or has attempted to commit a fraud upon the court is dismissal:

> More specifically, "we have held that a dismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary." *Ayoubi v. Dart*, 640 F. App'x 524, 528-29 (7th Cir. 2016) (unpublished) (citing *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir.1998)).
>
> To put an even finer point on it, "[w]e have approved that sanction when a litigant has lied to receive the benefit of proceeding [IFP], observing that fines would be an ineffective sanction against an indigent plaintiff." *Id.* at 519 (citing *Hoskins v. Dart*, 633 F.3 541, 543-44 (7th Cir. 2011); *Thomas*, 288 F.3d at 308).

*Sanders v. Melvin* 25 F.4th 475 481, (7th Cir. 2022).

Here, Plaintiff did not disclose the fact that he has previously filed federal lawsuits since being incarcerated. More importantly, Plaintiff did not disclose the fact that he has been assessed at least three-strikes under the PLRA, and, therefore, Plaintiff is precluded from proceeding IFP in this case absent a showing that he is under an imminent threat of any serious physical injury. Based upon Plaintiff's fraud, the Court will dismiss this case as a sanction against him.

**IT IS, THEREFORE, ORDERED:**

1. **Plaintiff's motion to proceed *in forma pauperis* [3] is DENIED based upon his "three-strikes" status under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).**

2. **This case is DISMISSED based upon Plaintiff's failure to pay the filing fee, in full, and as a sanction against Plaintiff for committing a fraud upon the Court based upon Plaintiff's failure to disclose his three-strikes status to the Court.**

3. **All other motions are denied as moot, and all scheduled hearings are vacated.**

4.    The Clerk of the Court is directed to enter judgment in all Defendants' favor and against Plaintiff.

5.    If Plaintiff wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).

6.    If Plaintiff wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).

7.    If Plaintiff chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED this 3rd day of March, 2026

                                                    s/ Sue E. Myerscough
                                                    SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE